**HLD-005**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1097
_____

IN RE:  JAMES S. PAVLICHKO, JR.,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 3-15-cr-00112-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 27, 2020

Before:  SMITH, Chief Judge, CHAGARES and COWEN, Circuit Judges

(Opinion filed: March 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

James Pavlichko, Jr., has filed a petition for a writ of mandamus compelling the

United States District Court for the Middle District to rule on his motion to vacate

sentence pursuant to 28 U.S.C. § 2255.  For the reasons that follow, we will deny the

mandamus petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2015, Pavlichko pleaded guilty to possession and sale of a stolen firearm and was sentenced to 110 months in prison. He did not file a direct appeal. Through counsel, Pavlichko filed a § 2255 motion claiming that his former counsel was ineffective for failing to object to his Presentence Report based on Johnson v. United States, 135 S. Ct. 2551 (2015), and other authority. The District Court granted the Government's motion to stay the proceeding pending a decision by the United States Supreme Court in Beckles v. United States, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544). After Beckles was decided, the District Court lifted the stay, the Government filed a response to the § 2255 motion, and Pavlichko filed a reply in August 2017. In July 2019, Pavlichko wrote a letter to the District Judge stating that he was awaiting a decision in his case and asking the District Judge to grant him relief.

In January 2020, Pavlichko filed his mandamus petition. He asks us to order the District Court to rule on his § 2255 motion and to correct his sentence without further delay.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citation omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must establish that there are no other adequate means to attain the desired relief and that the right to the writ is clear and indisputable. Id. We

may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Since Pavlichko filed his mandamus petition, the District Court issued an order directing the Government to file certain documents related to Pavlichko's criminal case and allowing it to file a sur-reply because Pavlichko appeared to have raised new claims in his reply. The District Court granted the Government's motion for an extension of time and the Government's filing is due on or before March 13, 2020. Although the District Court has yet to rule on Pavlichko's § 2255 motion, no relief is due in light of these developments. The District Court has acted and we are confident that it will adjudicate the § 2255 motion in a timely manner.

Accordingly, we will deny the mandamus petition without prejudice to Pavlichko's ability to seek mandamus relief again in the event a decision is not forthcoming within a reasonable amount of time.